UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LASANDRA R. JOHNSON,

    Plaintiff,       CASE NO. _____

v.

CAREY INTERNATIONAL, INC., and
EMBARQUE MIAMI, INC.,

    Defendants.

_____/

## NOTICE OF REMOVAL

Defendants Carey International, Inc. ("Carey") and Embarque Miami, Inc. ("Embarque") (collectively, "Defendants"), under 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this notice of the removal of this action to the United States District Court for the Southern District of Florida. As grounds for removal, Defendants state as follows:

**1.** **State Court Action**

Lasandra R. Johnson ("Plaintiff") filed this action on October 1, 2020, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Lasandra R. Johnson v. Carey International, Inc. and Embarque Miami, Inc., Miami, Inc.*, and designated Case No. 2020-021108-CA-01 (the "Action"). *See* Tab A, Complete State Court file.

**2.** **Defendant's Receipt of Plaintiff's Complaint**

Copies of the Summons and Complaint were served on Defendants on October 6, 2020. *See* Tab A, Service of Process Receipt.

3. **Nature of the Action**

In the Complaint, Plaintiff asserts claims of disability discrimination against Defendants in violation of Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.* and Chapter 11A of the Miami-Dade County Code ("MDCC"). *See* Tab A, Complaint at ¶ 1. Plaintiff seeks damages, reinstatement with lost pay and benefits, and attorney's fees and costs. *See id*. ¶¶ 20, 25.

4. **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

As demonstrated in Section 5 below, this action is removable under 28 U.S.C. § 1441(a) because the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). In addition, venue is proper in the Miami Division of the Southern District of Florida, as demonstrated in Section 6 below. Finally, this Notice of Removal is filed in a timely manner as discussed in Section 7 below.

5. **Diversity Jurisdiction**

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

   a. **Diversity of Citizenship**

First, Plaintiff is a Florida citizen for purposes of 28 U.S.C. § 1332(a). Citizenship is equivalent to "domicile" for the purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). "A person's domicile is the place of his true,

fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58 (internal quotations and citations omitted).[1] District courts look to the "totality of the evidence" presented in order to ascertain a party's domicile. *See Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011). "Evidence that may be factored into a court's consideration includes that party's affidavit, deposition testimony, drivers license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property and place of employment." *Id.*; *see also Sunseri v. Macro Cellular Partners,* 412 F.3d 1247, 1249 (11th Cir. 2005).

As demonstrated by Plaintiff's employee file from her temporary employment with Embarque, Plaintiff is a citizen of Florida. Plaintiff has a Florida's driver license, and the background report conducted in association with her job application shows that she has had a Florida driver license since at least 1991. *See* Tab B.

Second, for purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State

---

[1] Certain presumptions have been used by courts to determine a person's domicile. *See Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011) (*citing Audi Performance & Racing, LLC v. Kasberger*, 273 F.Supp.2d 1220, 1226 (M.D. Ala. 2003)). One such presumption is that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *Id.* (*citing Audi*, 273 F. Supp. 2d at 1226). To overcome the presumption of an established domicile, a showing must be made of "(1) physical presence at the new location with (2) an intention to remain indefinitely." *McCormick*, 293 F.3d at 1258. An established domicile is given favor over an allegedly newly acquired one. *See Jakobot*, 2011 WL 2457915, at *2 (*citing Audi*, 273 F. Supp. 2d at 1226). The effect of this presumption puts the heavier burden on a party who is trying to show a change of domicile rather than the one who attempts to show their domicile remains unchanged. *Id*.

3

or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Carey is incorporated in Delaware, while its headquarters, where its officers direct its activities, are located in Maryland. *See* Tab C, Diane Ennist Decl. ¶¶ 4-5. Similarly, Embarque is incorporated in Delaware and is headquartered in Maryland. *See* Tab D, Loretta Wheatley Decl. ¶¶ 8-9. Therefore, Defendants are citizens of Delaware and Maryland. Because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

      **b.**    **Amount in Controversy**

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

In conducting the amount in controversy inquiry, a federal court is not limited to reviewing the allegations in the complaint. *See, e.g.*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court

should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.").[2] Thus, where a complaint seeks "unspecified damages" for categories such as "back pay, front pay, and compensatory and punitive damages," courts go beyond the complaint, and examine evidence such as affidavits to determine the amount in controversy. *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court's finding that the amount in controversy requirement was satisfied in age discrimination case under Alabama law, based on the defendant's submission of plaintiff's W-2s and an affidavit) (internal brackets omitted).

Furthermore, the amount in controversy is not determined by an allegation that the plaintiff seeks the minimum amount for state-court jurisdiction, but instead by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the allegations are true and the plaintiff wins at trial. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (holding that even though the complaint alleged merely the minimum "amount necessary for state circuit court jurisdiction," "a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction).[3]

---

[2] *See also, e.g.*, *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal."); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982) (adopting the view that the removal inquiry "is not limited to the face of plaintiff's complaint," and that "the court may examine[] the record as a whole in determining the propriety of removal").

[3] *See also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("[T]he amount in controversy[] reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable."); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.") (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).

While Defendants deny that Plaintiff is entitled to any relief whatsoever, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking more than $75,000.

First, Plaintiff could be awarded up to $74,999 if she were to be awarded the maximum amount of damages she seeks in the Complaint. *See* Compl., at ¶ 1, Prayer for Relief (p. 6). Second, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Plaintiff seeks "a reasonable award of attorneys' fees pursuant to [FCRA]." Compl., at ¶¶ 20, 25. The FCRA provides a statutory basis for recovery of reasonable attorneys' fees. *See* Fla. Stat. § 760.11(5). Here, a conservative estimate of a reasonable trial date is one to two years from removal. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14–cv–653, 2015 WL 225760, at *3 & n.3 (M.D. Fla. Jan. 16, 2015) (identifying FCRA age and disability discrimination case as one that will likely proceed to trial within one to two years after the filing of the complaint); *Gonzalez v. Honeywell Int'l, Inc.*, No: 8:16–cv–3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (assuming a trial two years after removal). It is reasonable to assume that litigation of this action through trial will result in thousands of dollars in legal fees, and certainly over $2, which would exceed the $75,000 jurisdictional amount. Accordingly, Plaintiff's request for attorneys' fees under the FCRA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

In sum, because the amount in controversy exceeds $75,000 and the action is between citizens of different states—Plaintiff being a Florida citizen, and Defendants citizens of Delaware and Maryland—the district court has original jurisdiction under 28 U.S.C. § 1332(a), and Defendant may remove this case to this Court under 28 U.S.C. § 1441(a).

6. **Venue**

The state court case was brought in Miami-Dade County Circuit Court. Therefore, the Miami Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court action is pending. *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending") and 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."). Therefore, this is the proper district court and division to which this case should be removed.

7. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since Defendant was served with Plaintiff's Complaint on October 6, 2020.

8. **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State Court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Tab A. Further, pursuant to 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached at Tab E.

Dated this 5th day of November 2020.

Respectfully submitted,

/s/ Franco D. Bacigalupo
Franco D. Bacigalupo
Florida Bar No. 0119055
franco.bacigalupo@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL  33131-2339
Telephone:  305.415.3303
eFacsimile:  877.432.9652

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5th, 2020, I served the foregoing document via electronic mail on all counsel of record or parties on the Service List below.

/s/ Franco D. Bacigalupo
Franco D. Bacigalupo

## SERVICE LIST

Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
3126 Center
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljm@ljmpalaw.com

*Attorney for Plaintiff*