# Tab A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Lasandra R. Johnson</u>
Plaintiff                                                     Case # _____
                                                              Judge  _____

vs.

<u>Carey International, Inc., Embarque Miami, Inc.</u>
 Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>2</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Lawrence J. McGuinness</u>      Fla. Bar # <u>814611</u>
        Attorney or party            (Bar # if attorney)

<u>Lawrence J. McGuinness</u>        <u>10/01/2020</u>
  (type or print name)          Date

Case 1:20-cv-24557-RNS Document 1-1 Entered on FLSD Docket 11/05/2020 Page 5 of 22

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LASANDRA R. JOHNSON,     :     CASE NO.
:
         Plaintiff,        :
:
vs.                         :
:
CAREY INTERNATIONAL, INC.,  : 
and EMBARQUE MIAMI, INC.,    :     **DISABILITY DISCRIMINATION COMPLAINT**
MIAMI, INC.,                  :
:
         Defendants.      :
_____/

Plaintiff, LASANDRA R. JOHNSON, by and through her undersigned counsel, sues Defendants Carey International, Inc. and Embarque Miami, Inc. for violations of Chapter 760, Fla. Stat. (the "Act"), and Chapter 11A of the Miami-Dade County Code (the "MDCC") for disability discrimination, and states as follows:

## A. GENERAL ALLEGATIONS

1.       Pursuant to Chapter 760, Fla. Stat. (the "Act") and Chapter 11A, Miami-Dade County Code ("MDCC"), Plaintiff brings this discrimination action against Defendants requesting damages and equitable relief within the jurisdictional limitations of this Court that is in excess of $30,000.00 but is less than $75,000.00 for all relief and/or damages available to Plaintiff for Counts I & II. As such, Plaintiff's claim for damages/relief exceeds $30,000.00, exclusive of interest, fees and costs but is less than $75,000.00 including interest, fees & costs.

1

## B.  PLAINTIFF's DISABILITY & HER WORK

2.      On or about 1/25/20, Plaintiff was hired by Defendants as a Driver.   Plaintiff was

and is a qualified disabled individual who has been diagnosed with permanent disability from an

arm amputation (hereinafter the "Disability").

3.      Defendants were Plaintiff's "employer" and/or "joint-employer" as that term is

defined by the Florida Civil Rights Act, the Act and MDCC based on their control over the terms

and conditions of Plaintiff's work and the very act of treating Plaintiff in a discriminatory manner

because of her disability and/or perceived disability.   During the time that Plaintiff worked for

Defendants, Defendants shared the same "core competencies" and had a "centralized operation

platform" that included common employees/agents like the VP that discriminated against Plaintiff

as explained below.

4.      Despite the Disability, Plaintiff was and is qualified to work and act as a Driver and

has done so without incident for many years.

5.      Despite Plaintiff's qualifications and her driving record showing no incidents caused

by her Disability, Rae Fawcett, Sr. VP of Human Capital for Defendant Carey International, Inc.

told Plaintiff that she could not work for Defendants as Driver because she was "a risk" to

Defendants' passengers and Defendants' other employees/agents due to Plaintiff's disability and/or

perceived disability.

6.      This faulty and discriminatory "too risky" conclusion was reached by Defendant

Carey International, Inc. without conducting any medical and/or scientific testing of Plaintiff or

2

evaluation of her prior work and driving history but rather on a perception (by an unqualified person) that she "only has one arm" and therefore must be a dangerous driver.  As such, Defendants' subjective perception of inability rather than conducting an objective safety test resulted in an immediate and discriminatory disqualification of Plaintiff based on a wrong perception of ability to perform her job of Driver.

7.  Based on the above, Defendants treated Plaintiff in a discriminatory fashion because of the Disability (actual and/or perceived).

8.  Based on ¶¶ 1 through 7 above, Plaintiff is a qualified individual with a disability and/or otherwise a covered "employee" as defined by the Act and MDCC.

9.  Alternatively to ¶8, based on Defendants' actions, Defendants perceived and treated Plaintiff as a person with a disability.

10.  As provided above, despite Plaintiff's Disability, she could and can perform the essential functions of her job of Driver.

<u>C. ADMINISTRATIVE COMPLIANCE</u>

11.  Plaintiff timely filed a Charge of Discrimination against Defendants with the FCHR/ EEOC/MDCC for disability discrimination.

12.  Based on its investigation of the allegations of discrimination, the FCHR conducted a thorough investigation of the matter, including submittals by both Plaintiff and Defendants, and determined that Plaintiff was in fact discriminated against by Defendants because of the Disability. <u>See</u> attached Exhibit 1.

13.     More than 180 days has elapsed since Plaintiff filed her Charge of Discrimination.

14.     All conditions precedent to the institution of this action have occurred or have been waived, including but not limited to any administrative and/or notice requirements.

15.     Plaintiff has retained the undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein.  Said attorneys' fees and costs are payable pursuant to the Act and the MDCC.

## COUNT I - VIOLATION OF THE ACT
## AGAINST DEFENDANTS

16.     Plaintiff realleges and reavers ¶¶ 1 through 15 as if fully set forth herein.

17.     Plaintiff, as a result of her Disability, is a qualified individual with a disability under the Act and was qualified to work as a Driver for Defendants.

18.     Defendants violated the Act by its actions as alleged above.

19.     The disparate treatment to which Plaintiff was subjected by Defendants was based upon her Disability and/or perceived Disability and deprived Plaintiff of her statutory rights under the Act which damaged Plaintiff.

20.     Plaintiff, by being subjected to the discriminatory acts by Defendants' agents and ignored by Defendants, was affected in a "term, condition or privilege" of employment by the Act in that;

a.      her physical and psychological well-being was affected;

b.      she was economically damaged; and

c.      the work place became hostile.

4

WHEREFORE, Plaintiff prays that this court will:

a.      Issue a declaratory judgment that Defendants' practices toward Plaintiff are violative of her rights under the Act;

b.      Grant Plaintiff judgment for damages as envisioned by the Act and as limited as stated above to less than $75,000.00 for all relief under Counts I and/or II;

c.      Reinstate Plaintiff to her former position with all lost pay and benefits and restore her with credits for all other employee benefits she would have received but for Defendants' discrimination; and

d.      Grant Plaintiff her costs and a reasonable award of attorneys' fees pursuant to the Act.

COUNT I - VIOLATION OF MDCC
<u>AGAINST DEFENDANTS</u>

21.     Plaintiff realleges and reavers ¶¶ 1 through 15 as if fully set forth herein.

22.     Plaintiff, as a result of her Disability, is a qualified individual with a disability under the MDCC and was qualified to work as a Driver for Defendants.

23.     Defendants violated the MDCC by its actions as alleged above.

24.     The disparate treatment to which Plaintiff was subjected by Defendants was based upon her Disability and/or perceived Disability and deprived Plaintiff of her statutory rights under the MDCC which damaged Plaintiff.

25.     Plaintiff, by being subjected to the discriminatory acts by Defendants' agents and ignored by Defendants, was affected in a "term, condition or privilege" of employment by the MDCC in that;

5

a.      her physical and psychological well-being was affected;

b.      she was economically damaged; and

c.      the work place became hostile.

WHEREFORE, Plaintiff prays that this court will:

a.      Issue a declaratory judgment that Defendants' practices toward Plaintiff are violative of her rights under the MDCC;

b.      Grant Plaintiff judgment for damages as envisioned by the MDCC and as limited as stated above to less than $75,000.00 for all relief under Counts I and/or II;

c.      Reinstate Plaintiff to her former position with all lost pay and benefits and restore her with credits for all other employee benefits she would have received but for Defendants' discrimination; and

d.      Grant Plaintiff her costs and a reasonable award of attorneys' fees pursuant to the MDCC.

## JURY DEMAND

Plaintiff demands a jury trial for Counts I-II.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
Counsel for Plaintiff
3126 Center
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

6

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LASANDRA R. JOHNSON,       :     CASE NO. 2020-021108-CA-01
                                  :
      Plaintiff,               :
                                    :
vs.                              :
                                  :
CAREY INTERNATIONAL, INC.,  :
and EMBARQUE MIAMI, INC.,    :
                                  :
      Defendants.            :
_____/

## NOTICE OF FILING EXHIBIT 1 TO PLAINTIFF'S
## DISABILITY DISCRIMINATION COMPLAINT

Plaintiff, LASANDRA R. JOHNSON, by and through her undersigned counsel, gives

Notice of Filing Exhibit 1 to Plaintiff's Discrimination Complaint. (*Exhibit 1*: FHCR Cause

Determination).

                            Respectfully submitted,

                                    /s/ Lawrence J. McGuinness
                                    Fla. Bar No. 814611
                                    MG Legal Group, P.A.
                                    Counsel for Plaintiff
                                    3126 Center
                                    Coconut Grove, Florida 33133
                                    Ph. No. (305) 448-9557
                                    Fax No. (305) 448-9559
                                    ljm@ljmpalaw.com
                                    scheduling_ljmpa@comcast.net

# <u>EXHIBIT 1</u>

# FCHR CAUSE DETERMINATION



# State of Florida
# Florida Commission on Human Relations
### An Equal Opportunity Employer • Affirmative Action Employer



**Ron DeSantis**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Michelle Wilson**
*Executive Director*

FCHR No. 202024363
EEOC No. 15D202000740

Lasandra Rochelle Johnson                     **COMPLAINANT**
c/o Juliana Gonzalez, Esquire
McGuiness & Gonzalez, P.A.
3126 Center Street
Coconut Grove, FL 33133

Embarque Miami, Inc                           **RESPONDENT**
c/o Rae Fawcett, Sr. VP Human Capital
Carey's International, Inc.
7445 New Technology Way
Frederick, MD 21703

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations (FCHR) has completed its investigation of this matter. Complainant alleged Respondent discriminated against her by failing to allow her to work in the position of chauffeur based on perceiving her as having a disability. Respondent stated that it offered Complainant an alternative position (Greeter) with a comparable salary after its Senior Executive became concerned about Complainant's ability to operate a large vehicle within Respondent's safety standards which required chauffeurs to position two hands on the steering wheel when operating its vehicles (Complainant has only one arm). Respondent stated safety is the primary essential function of the chauffeur position and they were not comfortable having Complainant in that position. Respondent also alleged that it did not meet the numerosity requirement of the statute and therefore, FCHR did not have jurisdiction to investigate the complaint.

SAFETY. Respondent has admitted it did not allow Complainant to become a chauffeur for its company based on perceiving her disability as a safety risk. The determination that an employee poses a direct threat must be based on an individualized, not generalized, assessment. A direct threat means a significant risk of substantial harm. The determination that there is a direct threat must be based on objective, factual evidence regarding the individual employee's present ability

---

### COMMISSIONERS

| Monica Cepero | Donna Elam | Libby Farmer | Mario Garza |
|---|---|---|---|
| *Fort Lauderdale* | *Port Richey* | *Tallahassee* | *Lakewood Ranch* |
| **Dawn Hanson** | **Larry Hart** | **Al McCambry** | **Darrick McGhee** |
| *Tallahassee* | *Fort Myers* | *Lynn Haven* | *Tallahassee* |
| **Jay Pichard** | **Angela Primiano** | **Gilbert Singer** | |
| *Tallahassee* | *Hollywood* | *Tampa* | |

to perform the essential functions of the job. An employer cannot refuse to hire an employee where only a slightly increased risk is present or because of fears that there might be a significant risk sometime in the future. The employer must also consider whether such risk can be eliminated or reduced to an acceptable level if the employer provides reasonable accommodation to the employee.  Here, the file does not contain sufficient evidence that Respondent performed an individualized assessment; based its determination on Complainant's ability to perform the job; or offered Complainant reasonable accommodation to assist her in meeting Respondent's safety standards.   There is evidence, however, that Respondent made its judgment based on the unsubstantiated fears of its Senior Executive and past safety-hazardous occurrences which did not involve Complainant.   These actions by Respondent violate Complainant's rights not to be subjected to disability discrimination.

NUMEROSITY.  Respondent claimed that it did not meet the definition of employer because it only had employees the first three months of the year and therefore it did not meet the numerosity requirement of the statute.  Respondent submitted its IRS 941 Form for the 1st Quarter of 2019 and a sworn statement by its Vice President stating the Respondent is "…a distinct and separate foreign corporation…" in support of its claim. Nevertheless, Respondent's complaint was answered and submitted by Carey International, Inc.  Respondent's Vice President stated Respondent is a subsidiary of Embarque Holdings, Inc.  Carey International, Inc. states on its website that it "is comprised of two distinct brands Carey and Embarque that offer unique customer experiences, but share the same set of core competencies and centralized operational platforms."  Respondent was asked specifically whether it had interrelated operations with other entities and it failed to provide appropriate responsive information.   For this reason, and the reasons stated above, there is reasonable cause to believe that Respondent subjected Complainant to discriminatory behavior and that Respondent has the necessary number of employees to qualify as an employer under Chapter 760, F.S.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

_____
Michelle Wilson, Executive Director

DATED:  September 8, 2020

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LASANDRA R. JOHNSON,        :        CASE NO. 2020-021108-CA-01
                            :
        Plaintiff,          :
                            :
vs.                         :
                            :
CAREY INTERNATIONAL, INC.,  :
and EMBARQUE MIAMI, INC.,   :
                            :        **SUMMONS**
        Defendants.         :
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in this action on Defendant, CAREY INTERNATIONAL, INC., **BY SERVING, PURSUANT TO
F.S. §48.091:**

        Registered Agent -        John Dolan
                                  330 N. Ocean Drive #1504
                                  Deerfield Beach, FL 33441

        If service cannot be made on the Registered Agent because of failure to comply with F.S. §
        48.091, service of process shall be permitted on any employee at the corporation's place of
        business.

        **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY
AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

        1.        The president or vice president, or other head of the corporation; and/or in his or her
absence;

1

2.      The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.      Any director; and in the absence of all of the above; or

4.      Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

**MG Legal Group**
Counsel for Plaintiff
3126 Center St.
Coconut Grove, FL 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____, 2020.


Clerk of the Court


By:_____
     as Deputy Clerk

2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LASANDRA R. JOHNSON,    :    CASE NO. 2020-021108-CA-01
:
      Plaintiff,      :
:
vs.          :
:
CAREY INTERNATIONAL, INC.,   :
and EMBARQUE MIAMI, INC.,   :
:    **SUMMONS**
      Defendants.    :
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant, EMBARQUE MIAMI, INC., **BY SERVING, PURSUANT TO F.S. §48.091:**

      Registered Agent -    Corporation Service Company
                      1200 Hays Street
                      Tallahassee, FL 32301

      If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

      **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

      1.    The president or vice president, or other head of the corporation; and/or in his or her absence;

2.      The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.      Any director; and in the absence of all of the above; or

4.      Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

**MG Legal Group**
Counsel for Plaintiff
3126 Center St.
Coconut Grove, FL 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.


DATED ON _____, 2020.



Clerk of the Court


By:_____
        as Deputy Clerk

Filing # 114270061 E-Filed 10/01/2020 01:25:52 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LASANDRA R. JOHNSON,    :    CASE NO. 2020-021108-CA-01
    :
    Plaintiff,    :
    :
vs.    :
    :
CAREY INTERNATIONAL, INC.,  :
and EMBARQUE MIAMI, INC.,    :
    :    **SUMMONS**
    Defendants.    :
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant, CAREY INTERNATIONAL, INC., **BY SERVING, PURSUANT TO F.S. §48.091:**

    Registered Agent -    John Dolan
                330 N. Ocean Drive #1504
                Deerfield Beach, FL 33441

    If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

    **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

    1.    The president or vice president, or other head of the corporation; and/or in his or her absence;

1

2.     The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.     Any director; and in the absence of all of the above; or

4.     Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

**MG Legal Group**
Counsel for Plaintiff
3126 Center St.
Coconut Grove, FL 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____10/5/2020_____, 2020.

Clerk of the Court

By:_____308760_____
as Deputy Clerk

2

Filing # 114270061 E-Filed 10/01/2020 01:25:52 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LASANDRA R. JOHNSON,     :     CASE NO. 2020-021108-CA-01
                      :
     Plaintiff,          :
                      :
vs.                      :
                      :
CAREY INTERNATIONAL, INC.,    :
and EMBARQUE MIAMI, INC.,     :
                      :     **SUMMONS**
     Defendants.        :
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in this action on Defendant, EMBARQUE MIAMI, INC., **BY SERVING, PURSUANT TO F.S.
§48.091:**

          Registered Agent -     Corporation Service Company
                              1200 Hays Street
                              Tallahassee, FL 32301

          If service cannot be made on the Registered Agent because of failure to comply with F.S. §
          48.091, service of process shall be permitted on any employee at the corporation's place of
          business.

     **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY
AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

     1.     The president or vice president, or other head of the corporation; and/or in his or her
absence;

1

2.      The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.      Any director; and in the absence of all of the above; or

4.      Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

MG Legal Group

Counsel for Plaintiff

3126 Center St.

Coconut Grove, FL 33133

Tel: (305) 448-9557

Fax: (305) 448-9559

ljm@ljmpalaw.com

scheduling_ljmpa@comcast.net


Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____10/5/2020_____, 2020.


Clerk of the Court


By:_____   308760

as Deputy Clerk

2